Case 2:15-cv-08156-DDP-PJW   Document 7   Filed 10/26/15   Page 1 of 3   Page ID #:21

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO AZUSA HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ELLIE PULLIAM, DOES 1 to 5,<br><br>        Defendants. | CASE NO. CV 15-8156-DDP (PJWx)<br><br>ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE TO SUPERIOR COURT |

    Before the Court is Defendant Ellie Pulliam's motion to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is DENIED and the action is remanded to the Los Angeles County Superior Court.

    On October 16, 2015, Defendant, proceeding *pro se*, lodged a Notice of Removal, accompanied by a request to proceed IFP, seeking to remove this unlawful detainer action from state court. The Court has denied the IFP application under separate cover. To prevent the action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the case to the Superior Court.

    Simply stated, because Plaintiff could not have brought this action in federal court in the first place, there is no basis to remove it. To the extent that Defendant is seeking to federalize the

case by raising federal claims in her defense, she cannot do so.  The Court considers only the claims raised in the Complaint to determine whether there is federal jurisdiction and does not take into account any federal defenses or counterclaims Defendant raised (or could have raised).  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (explaining federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines*, *Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining federal law defense does not create federal jurisdiction if the complaint on its face does not present federal question).

   Plaintiff's unlawful detainer action does not raise a federal question.  *See* 28 U.S.C. §§ 1331, 1441(b).  Additionally, Plaintiff and Defendant are from the same state and the amount in controversy is de minimis, therefore, there is no diversity jurisdiction.[1]  *See* 28 U.S.C. §§ 1332, 1441(b).  For these reasons, the case is subject to remand.  28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

   Accordingly, IT IS ORDERED that: (1) this matter is REMANDED to the Superior Court of California, Los Angeles County, 300 E. Walnut Street, Pasadena, California, 91101, (2) the clerk shall send a

---

[1] Plaintiff's suit is primarily aimed at removing Defendant from the property.  The damages it seeks are $48.33 per day, beginning August 25, 2015.

1  certified copy of this Order to the Superior Court and serve copies on
2  the parties.
3
4       IT IS SO ORDERED.
5       DATED: October 26, 2015
6
7
8                                          _____
                                           DEAN D. PREGERSON
9                                          UNITED STATES DISTRICT JUDGE
10
11
12
13
14
15  Presented by:
16
17  _____
    PATRICK J. WALSH
18  UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28  C:\Users\jyerke\AppData\Local\Temp\notesC7A056\IFP. denial.removal.unlawful detainer Rancho Azusa v Pulliam and Does.wpd